IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT BEN RHOADES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-1934-NJR |
| ) | |
| ) | |
| **ROB JEFFRIES, DEBBIE KNAUER, and** ) | |
| **ANTHONY WILLS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rhoades alleges that his access to the Covid-19 booster vaccination was delayed by IDOC and Wexford Health Sources, Inc.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Rhoades makes the following allegations: Rhoades received a Covid-19 vaccination but Wexford Health Sources, Inc. and IDOC delayed his access to the first Covid-19 booster shot (Doc. 1, p. 11). Although the first booster shot was available to the general public, he was not scheduled for a booster shot. He requested a booster from the healthcare unit. It is unclear from the Complaint as to whether he received a response from the healthcare unit. On March 17, 2022, he wrote a grievance about his access to the booster and he learned the general public had access to a second booster shot (*Id.* at p. 10). He did eventually receive a booster shot, but by then he had contracted Covid-19. He did not receive his first booster until much of the general public was receiving a second booster. He believes this delay placed him at risk of catching Covid-19, and he did eventually catch Covid-19 despite being vaccinated (*Id.* at p. 11).

## Discussion

Simply put, Rhoades fails to allege a viable deliberate indifference claim regarding his Covid-19 booster shot. He names only administrative and grievance officials, who did not actually provide him with care. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). He also has not alleged that these individuals set forth any policies or practices which prevented him from receiving the booster shot when he wanted it. Although Rhoades alleges that the shot was not available to him when he believes the general public had access to the shot, he fails to allege that the delay amounted to deliberate indifference. Further, he alleges that IDOC and

Wexford violated his rights, but he fails to identify them as Defendants in the case caption or Complaint. Accordingly, his Complaint fails to state a claim.

### Pending Motions

As to Rhoades's motion for counsel (Doc. 2), he states that he has written several law firms. He also states his writing hand was injured in an accident making it difficult for him to write. Although he can write, he indicates he can only print, not type or use cursive. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[1] Further, counsel is not needed at this time because the Court finds that Rhoades is capable of drafting an Amended Complaint. Although his writing may be hampered, his filings indicate that he is capable of writing legibly. Thus, his motion for counsel (Doc. 2) is **DENIED**. Rhoades may renew his request for counsel at a later date.

### Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Rhoades is **GRANTED** leave to file a "First Amended Complaint" on or before **November 16, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Rhoades's three allotted "strikes" under 28 U.S.C. § 1915(g). Along with his current Complaint, Rhoades has filed several other cases pending before the Court. Should those cases be dismissed as frivolous, they could be counted towards his allotted "strikes" and prevent him from filing future cases without prepayment of fees.[2] As such, the Court will allow Rhoades to either file a First Amended Complaint or seek to dismiss his original Complaint voluntarily by the stated deadline.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Rhoades chooses to file an amended pleading, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the First

---

[2] 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Rhoades chooses to dismiss his case voluntarily, the Court will not collect the remaining filing fee.

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk = of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 19, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

5